UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER MONGE,<br><br>Plaintiff,<br><br>-v-<br><br>BOCA RESTAURANT & STEAKHOUSE CORP. and BRONENS REALTY LLC,<br><br>Defendants. | 26 Civ. 3699 (JPC)<br><br>ORDER |

JOHN P. CRONAN, United States District Judge:

On April 19, 2026, Plaintiff brought suit against Defendants. Dkt. 1. On June 9, 2026, this Court *sua sponte* extended the deadline to respond to the Complaint for Defendant Boca Restaurant & Steakhouse Corp. ("Boca") to June 17, 2026. Dkt. 13 at 1. And in the event Boca again failed to respond to the Complaint by its deadline to do so, Plaintiff was ordered to "seek a Certificate of Default as to Boca by June 24, 2026." *Id.* Plaintiff was further ordered to personally serve a copy of the Court's June 9, 2026 Order on Boca by June 12, 2026, and to file proof of service on the docket within two days of such service. *Id.* at 1-2. The Court lastly ordered Plaintiff to "file a letter explaining whether [Defendant Bronen's Realty LLC] has been served and, if so, the affidavit for service for that Defendant" by June 12, 2026. *Id.* at 2.

On June 25, 2026, this Court noted that those deadlines had "passed" without Plaintiff filing proof of service of the Court's June 9, 2026 Order on Boca or a letter explaining whether Bronen's Realty LLC had been served, nor had it sought a Certificate of Default as to Boca. Dkt. 14 at 1. The Court thus ordered Plaintiff "to show cause why this case should not be dismissed for failure to prosecute" by July 2, 2026. *Id.* at 2 (warning that "[i]f Plaintiff fails to show cause why this action should not be dismissed by that date, the Court may dismiss the action for failure to prosecute

without further notice"). But that date too "passed with nary a word from Plaintiff." Dkt. 15. Because "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations," the Court gave "Plaintiff one last chance." *Id.* (citation modified). On July 9, 2026, it warned that if Plaintiff "fail[ed] to show cause why this case should not be dismissed for failure to prosecute by July 16, 2026, this Court *will* dismiss the action for failure to prosecute without further notice." *Id.* Yet Plaintiff once again failed to heed this Court's warning.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535.

Here, the five factors point toward dismissing Plaintiff's case without prejudice. First, Plaintiff, who is represented by counsel, has ignored three of this Court's orders for over a month. *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case against a *pro se* plaintiff under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders over the course of several months and was put on notice

that failure to comply could result in dismissal"). Second, those orders warned Plaintiff that failure to comply would result in the case being dismissed without prejudice. *See* Dkts. 14, 15. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of N.Y. State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (citation modified). And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court continued to grant Plaintiff additional chances to comply with the Court's orders as a less drastic sanction than dismissal. After disregarding three orders, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 22, 2026
New York, New York

JOHN P. CRONAN
United States District Judge